United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

ALBERT YBARRA,
Plaintiff,
v.
LINDE GAS & EQUIPMENT, INC., et al.,
Defendants.

Case No. 26-cv-08746-VKD

**ORDER TO SHOW CAUSE RE FEDERAL JURISDICTION**

On July 30, 2026, plaintiff Albert Ybarra filed the present employment action in the Santa Clara County Superior Court, naming Linde Gas & Equipment, Inc. ("Linde"), Steven Chicca, and Mark Scott as defendants.[1] The complaint asserts claims for relief under California and/or common law.[2] *See* Dkt. No. 1-1. On August 21, 2026, Linde removed the action, asserting federal diversity jurisdiction. *See* Dkt. No. 1.

Federal courts have diversity jurisdiction in civil actions where the matter in controversy exceeds $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332(a). According to Linde's removal notice, "this case meets all of the diversity statute's requirements for removal because: (a) [Mr. Ybarra] is a resident of the State of California; (b) Defendant Linde is a Delaware corporation with its principal place of business in Danbury, Connecticut; (c) the amount in controversy exceeds $75,000; and (d) this removal is timely." *Id*. at 2. Absent from Linde's statement in support of diversity jurisdiction is any

---

[1] The complaint also includes placeholder "Does 1-20."

[2] i.e., fraud in the inducement (promissory fraud); intentional infliction of emotional distress; retaliation; wrongful termination; and violation of California Labor Code §§ 98.6, 1102.65, and 1198.5.

discussion of the citizenship of Messrs. Chicca and Scott. Nor does Linde assert any reason why the citizenship of Messrs. Chicca and Scott properly may be disregarded for purposes of evaluating the propriety of Linde's removal. Nor may the citizenship of Messrs. Chicca and Scott be disregarded based on the forum defendant rule, which applies to cases that are "*otherwise removable* solely on the basis of" diversity jurisdiction, 28 U.S.C. § 1441(b)(2) (emphasis added), and is "an *additional* limitation on diversity-based removal jurisdiction" that is "[s]eparate and apart from the statute conferring diversity jurisdiction," *Lively v. Wild Oats Mkts., Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) (emphasis added); *see also Clarence E. Morris, Inc. v. Vitek*, 412 F.2d 1174, 1176 (9th Cir. 1969) ("Whenever federal jurisdiction in a removal case depends upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the fact of service."); *Colbert v. Tesla, Inc.*, No. 25-cv-09311-JST, 2025 WL 3771617 (N.D. Cal. Dec. 31, 2025) (same); *Fityan v. World Courier, Inc.*, No. 24-cv-07034-AMO, 2025 WL 303952, at *1 (N.D. Cal. Jan. 27, 2025) ("But the forum-defendant rule is irrelevant if there is simply no original jurisdiction in the first place.") (citation modified; citation omitted); *Doe v. Mitchell*, No. 18-cv-06261-HSG, 2019 WL 1749521, at *2 (N.D. Cal. Apr. 19, 2019) ("Whether the forum defendant rule bars or allows removal is thus distinct from the foundational question of whether there is complete diversity, which must exist for the Court to have subject matter jurisdiction at all.").

As the Court has a continuing obligation to ensure that it has subject matter jurisdiction, Fed. R. Civ. P. 12(h)(3), by **October 23, 2026**, Linde shall file a statement in response to this order clarifying its assertion that there is diversity of citizenship in this matter.[3]

**IT IS SO ORDERED.**

Dated: October 13, 2026

Virginia K. DeMarchi
United States Magistrate Judge

[3] The Court does not at this time address whether diversity jurisdiction exists or is lacking for other reasons.